**TRASK v. HOEY.**

**WARD v. HOEY.**

No. 25, Docket 21376.

United States Court of Appeals
Second Circuit.

Argued Nov. 2, 1949.

Decided Nov. 22, 1949.

Benjamin H. Trask, New York City, for appellants.

John F. X. McGohey, United States Attorney for the Southern District of New York, New York City (Henry L. Glenn, Assistant United States Attorney, New York City, of counsel), for appellee.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Helvering v. Bruun, 309 U.S. 461, 60 S.Ct. 631, 84 L.Ed. 864, disposes of taxpayers' first contention.[2] Pursuant to the ruling in that case, the three lessors, on the termination of the lease, received a taxable gain equal to the fair market value of that half of the building for which the lessees had paid.[3]

We cannot agree with taxpayers' second contention. The half of the building for which the three lessors paid $75,000 in 1921 was then their own improvement and continued to be so in 1934 when the lease terminated. Until they dispose of the land and building, they will realize no taxable gain or loss with respect to that investment.

Affirmed.

2. The taxpayers argue that the Bruun decision rested on a stipulation which did not show whether or not the building, when the lease terminated, had a value, if removed from the land, other than scrap value. Accordingly, taxpayers argue that the Bruun case left intact our previous decision in Hewitt Realty Co. v. Commissioner, 2 Cir., 76 F.2d 880, 98 A.L.R. 1201 where, without doubt, the building had nothing but scrap value if severed from the land. But the Court in the Bruun case said that it would reach the same conclusion even assuming that the stipulation meant that the land was enhanced in value by the value of the building at the date of termination. We think it plain that Bruun over-ruled Hewitt Realty. See the explanation of the Bruun case in Helvering v. Griffiths, 318 U.S. 371, at pages 393 and 411, 63 S.Ct. 636, 87 L.Ed. 843.

3. Congress, in 1942, by adding 26 U.S.C.A. § 22(b) (11), effective January 1, 1942, wiped out the Bruun doctrine, 56 Stat. 802, 812, § 115(a). But that statutory change is inapplicable to this case.